# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| FELECIA JOHNSON<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BROWARD COUNTY, FLORIDA, BROWARD COUNTY SHERIFF'S OFFICE, GREGORY TONY, in his official capacity as Sheriff of Broward County, Florida, and individually, and JOHN & JANE DOE OFFICERS (1-10),<br><br>　　　　Defendants. | Hon. _____<br><br>Civil Action No.: _____<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, FELECIA JOHNSON (hereinafter, the "Plaintiff"), by and through her undersigned attorney, sues Defendants BROWARD COUNTY, FLORIDA, BROWARD COUNTY SHERIFF'S OFFICE, GREGORY TONY, in his official capacity as Sheriff of Broward County, Florida, and individually; JOHN & JANE DOE OFFICERS (1-10), and in support thereof, avers as follows:

## NATURE OF THE ACTION

1.　　This is a federal civil rights case pursuant to 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments of the United States Constitution as applied to the states under the United States Constitution's Fourteenth Amendment for the Defendants' individual and

collective personal, malicious, and unlawful violations under color of law of Plaintiff's individual rights.

2. The Defendants committed these unlawful violations of the Plaintiff's constitutional rights under the color of law, in bad faith, and with malicious purpose in reckless, wanton, and willful disregard of both Plaintiff's safety and his human and civil rights.

3. The Defendants committed these Florida state violations while acting inside the course and scope of their employment, under the cloak of the color of state law, and cloaked under the authority of state law enforcement.

4. The Plaintiff seeks compensatory damages, punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

## PARTIES

5. At all times relevant hereto, Plaintiff, FELECIA JOHNSON, is an adult resident citizen residing in Broward County, Florida. Plaintiff is the mother, next of kin, a survivor pursuant to Fla. Stat. §768 and Personal Representative (to be appointed) of the ESTATE OF ZYSHONNE JOHNSON, her late son (hereinafter referred to as "Zyshonne" or "Plaintiff's Decedent").

6. At all times relevant hereto, Defendant BROWARD COUNTY, FLORIDA, is a political subdivision of the State of Florida with the capacity to sue and be sued, and which is tasked, at least in part, with the oversight, management, operations, funding, and/or control of the Broward County Sheriff's Office.

7. At all times relevant hereto, Defendant BROWARD COUNTY SHERIFF'S OFFICE is an agency, office, and/or constituent part of Broward County, Florida, with the capacity to sue and be sued.

8. At all times relevant hereto, and upon information and belief, Defendant GREGORY TONY (hereinafter "Sheriff Tony"), is an adult resident citizen of Broward County, Florida, and who was at the time of the operative facts complained of herein, and still is, the Sheriff of Broward County, Florida. Sheriff Tony is sued in his official capacity as Sheriff of Broward County, Florida, as well as his individual capacity.

9. Defendants JOHN & JANE DOE OFFICERS (1-10) are believed to be individuals within the Broward County Sheriff's Office, of whatsoever rank or title, whose actions or omissions contributed in some relevant and material way to the causes of action complained of herein. Plaintiff does not presently know the true identities of these Defendants but will seek leave to amend the Complaint to properly name these Defendants after conducting discovery, should the need arise.

## VENUE AND JURISDICTION

10. Venue is proper in the Southern District Court of Florida, pursuant to 28 U.S.C. §§ 1391(b)(1) & (b)(2), as, upon information and belief, all Defendants are residents of the State of Florida, and all Defendants' independent and collective malicious and unlawful acts or omissions committed under color of state law which give rise to the claims herein accrued within this district.

11. The Court has subject-matter jurisdiction over the Plaintiff's federal law claims, pursuant to 28 U.S.C. §§ 1331 (federal question), and 1343(a)(3) (civil rights).

12. This Court also has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

## GENERAL FACTUAL ALLEGATIONS

**I.**     ***The March 24, 2022, Incident.***

13. On March 24, 2022, at approximately 11:30 AM, undercover deputies, including SWAT and AIF agents of the Broward County Sheriff's Office (hereinafter, the "BCSO") attempted to arrest Plaintiff's Decedent, ZYSHONNE JOHNSON, in Broward County, FL.

14. Plaintiff's Decedent saw multiple vehicles and officers rush to him, with weapons in hand.

15. In response, Plaintiff's Decedent got in his car, drove through a parking lot, over the median, and onto the road.

16. Plaintiff's Decedent's vehicle was subsequently disabled, and he pulled into the BCSO office building's parking lot, exited the vehicle, and began to run.

17. Plaintiff's Decedent ran up the street and began to cross the road when the officers approached him again.

18. Plaintiff's Decedent began to surrender while his back was towards the police officers, and he put his hands up.

19. Plaintiff's Decedent had a firearm in his right hand, but never brandished it, pointed it, aimed it, faced it, and certainly never fired it, at or in the direction of any officer.

20. Even so, Plaintiff's Decedent was then fatally shot by two SWAT team deputies and fell to the ground.

**II.**   *The Internal Affairs Investigation.*

21. On or about March 24, 2022, the Florida Department of Law Enforcement commenced an internal investigation into the events of the March 24, 2022 (hereinafter, the "Incident").

22. As a result of the investigation, the two SWAT team deputies who fired their guns were placed on administrative reassignment pending further evaluation.

23. The BCSO under Sheriff Tony was known nationwide for a persistent and widespread pattern of illegal and unethical practices, including improper searches, detainments, arrests,

spoliation of exonerating evidence, and other failures of leadership and training.

24. These practices are so widespread that they constitute a pattern, practice, and custom that fairly represents county policy and are so obvious that they demonstrate deliberate indifference toward suspects' and detainees' constitutional rights by Broward County, Sheriff Tony, and other John & Jane Doe Officer (1-10) defendants in supervisory roles.

25. The aforementioned customs, policies, practices, and procedures, the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, and tolerance of wrongful conduct of these supervisory defendants, were a moving force and/or a proximate cause of the deprivations of Plaintiff's Decedent's clearly established and well-settled constitutional rights under the United States Constitution in violation of 42 U.S.C. §1983, as well as in violation of state law.

26. It should be noted that Plaintiff anticipates amending this Complaint and specifically reserves the right to do so, as much of the facts concerning this matter could not be obtained as documents requested from the Broward County Sheriff's Office by way of FOIA request have not been provided given that the matter is still considered an active investigation.

<u>COUNT I</u>
**EXCESSIVE FORCE**
**(42 U.S.C. §1983 – Fourth Amendment)**
**As to Defendant John & Jane Doe Officers (1-10)**

27. Plaintiff, FELECIA JOHNSON, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

28. Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Decedent's rights under the Fourth Amendment to the United States Constitution.

29. 42 U.S.C. § 1983 provides in relevant part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

30. At all times relevant to the allegations in this Complaint, Defendants John & Jane Doe Officers (1-10) were acting under color of State law, and within the course and scope of their official duties and employment in their capacity as Police Officers with Defendant Broward County Sheriff's Office.

31. The Defendants named in this Count are "persons" under 42 U.S.C. §1983.

32. Under the Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, Plaintiff's Decedent had a clearly established constitutional right to be secure in his person as against unreasonable seizures and the use of excessive force by law enforcement officers, such as the herein named Defendants.

33. Nonetheless, the herein named Defendants, jointly and severally, deprived Plaintiff's Decedent's of clearly established rights secured to him under the United States Constitution, namely, the Fourth Amendment rights to be free from the use of excessive force against one's person.

34. The United States Supreme Court has articulated that whether a law enforcement officer used excessive force in violation of a citizen's Fourth Amendment rights depends on whether the amount of force used was "objectively reasonable." Graham v. Connor, 490 U.S. 386, 397 (1989);

35. To determine objective reasonableness, the "nature and quality of the intrusion on the individual's Fourth Amendment interests" is balanced "against the countervailing governmental

interests at stake." <u>Graham</u>, 390 U.S. at 396 (quoting <u>Tennessee v. Garner</u>, 471 U.S. 1, 8 (1985)).

36. Courts may consider "(1) the severity of the crime at issue, (2) whether the suspect poses an imminent threat to the safety of the police or others in the vicinity, and (3) whether the suspect attempts to resist arrest or flee the scene." <u>Id</u>. at 417 (citing <u>Graham</u>, 490 U.S. at 396).

37. In analyzing the three cited factors from <u>Graham</u> in assessing whether an officer's actions were objectively reasonable, it is clear from the facts that the individual and collective actions of the herein named Defendants were objectively unreasonable.

38. With respect to the first <u>Graham</u> factor – the severity of the crime at issue – Plaintiff's Decedent was being pursued in connection with drug charges, which themselves were not inherently severe or violent, such that they warrant the use of deadly force.

39. With respect to the second <u>Graham</u> factor – whether the suspect poses an imminent threat to the safety of the police or others in the vicinity – a distinction must be made between Plaintiff's Decedent's conduct leading up to his death and his conduct immediately preceding his death.

40. Plaintiff's Decedent's conduct insofar as that his flight away from pursuing officers by way of his vehicle may have caused imminent danger to the public, as evidenced by the vehicle collision that did, in fact, occur.

41. However, after Plaintiff's Decedent abandoned the vehicle and was the caused to surrender, he did, in fact, surrender.

42. A simple review of the Defendants' body cam footage shows that Plaintiff's Decedent willingly surrendered, raised his hands above his head, and – though still holding his firearm, rather than having dropped it to the ground – was clearly not brandishing it or aiming it at anyone.

43. In fact, throughout the entirety of the body cam footage, Plaintiff's Decedent, his back was turned towards the Defendants up until the time Defendants shot at him, and even then, he did not

pose a threat as he was not violent with the Defendants – he was not flailing his arms or lashing out, he was not kicking, and most importantly, despite having a firearm, he was not pointing at anyone.

44. Finally, with respect to the final Graham factor – whether Plaintiff's Decedent resisted arrest or fled the scene – this is the only Graham factor which bodes in favor of the use of force in that Plaintiff's Decedent did, in fact, flee.

45. Even so, flight on its own, while perhaps justification for the use of force, is not sufficient justification for the application of *deadly* force, as such a proposition would mean that an individual's life is forfeit simply for fleeing the scene.

46. It is a preposterous proposition thereby making a police officer judge, jury, and executioner.

47. Thus, even in instances when flight is present, the availability of an officer to use of *deadly* force must nonetheless be tempered by the other two Graham factors, which again, in the instant matter, did not warrant the use of excessive force, let alone deadly force.

48. Under the application of these factors and given the totality of the circumstances as described herein, the conduct of the herein named Defendants, individually and collectively, were objectively unreasonable and in violation of Plaintiff's Decedent's clearly established constitutional rights as arising under the Fourth Amendment, and were further, the proximate and actual cause of Plaintiff's Decedent's injuries and death.

49. The actions alleged herein directly and proximately resulted in bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the incurring of funeral expenses, and lost earnings. These losses are permanent in nature.

50. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Felecia Johnson, as the Personal Representative for the Estate of Zyshonne Johnson, sustained

damages, including without limitation, the past and future mental pain and suffering of Zyshonne Johnson's survivor Felecia Johnson; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that Zyshonne Johnson's surviving parent, Felecia Johnson, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of Zyshonne Johnson; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

<u>**COUNT II**</u>
**FAILURE TO INTERVENE**
**(42 U.S.C. §1983 – Fourth Amendment)**
**As to Defendant John & Jane Doe Officers (1-10)**

51. Plaintiff, FELECIA JOHNSON, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

52. Under the Fourteenth Amendment to the United States Constitution, Plaintiff's Decedent had the right as a citizen to personal security, bodily integrity, and equal protection under the law regarding his procedural due process rights.

53. As articulated more fully in Count I, which is incorporated by reference herein, Defendant John & Jane Doe Officers (1-10), violated these rights of the Plaintiff's Decedent on the day of the subject incident, particularly the right to be free from the use of excessive force as arising under the Fourth Amendment.

54. Under the Fourth Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment, Plaintiff's Decedent had a clearly established constitutional right to be secure in his person as against unreasonable seizures and the use of

excessive force by law enforcement officers, such as the herein named Defendants.

55. Nonetheless, the herein named Defendants, jointly and severally, deprived Plaintiff's Decedent of clearly established rights secured to him under the United States Constitution, namely, the Fourth Amendment rights to be free from the use of excessive force against one's person.

56. By and through Defendant John & Jane Doe Officers (1-10)'s engaging in acts of excessive force as more fully articulated in Count I, Defendant John & Jane Doe Officers (1-10), were at all times, engaging in conduct that was objectively unreasonable and clearly unconstitutional with respect to the civil rights of Plaintiff's Decedent.

57. Each John & Jane Doe Officer present at the scene of the violation of Plaintiff's Decedent's constitutional rights, and each said Defendant witnessed the use of excessive force upon Plaintiff's Decedent by each other said Defendant.

58. As articulated more fully in Count I herein, this specific use of deadly force was unnecessary and excessive.

59. Any reasonable law enforcement officer in the position of Defendant John & Jane Doe Officers (1-10) would have known that the force being used against Plaintiff's Decedent

60. was objectively unreasonable and excessive given the totality of the circumstances.

61. Each individual Defendant John & Jane Doe Officer had a duty to prevent the use of excessive force by each other fellow Defendant John & Jane Doe Officer.

62. Each such Defendant had a reasonable opportunity to intervene in order to prevent or mitigate injury to Plaintiff's Decedent, but failed to do so, and in fact, actively participated in the excessive use of force themselves.

63. Therefore, each such Defendant failed to take any action to prevent harm to Plaintiff's

Decedent and thereby proximately caused excessive force to be inflicted upon him, resulting in fatal injury.

64. Thus, each Defendant John & Jane Doe Officer is jointly and severally liable for same.

65. The actions alleged herein directly and proximately resulted in bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the incurring of funeral expenses, and lost earnings. These losses are permanent in nature.

66. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Felecia Johnson, as the Personal Representative for the Estate of Zyshonne Johnson, sustained damages, including without limitation, the past and future mental pain and suffering of Zyshonne Johnson's survivor Felecia Johnson; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that Zyshonne Johnson's surviving parent, Felecia Johnson, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of Zyshonne Johnson; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

**COUNT III**
**NEGLIGENCE**
**As to Defendants Broward County Sheriff's Office and John & Jane Doe Officers (1-10)**

67. Plaintiff, FELECIA JOHNSON, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

68. Defendants Broward County Sheriff's Office ("BCSO") and John & Jane Doe Officers (1-10) had a duty to refrain from violating Plaintiff's Decedent's constitutional rights.

69. Despite this duty, said Defendants nonetheless did so violate Plaintiff's Decedent's

constitutional rights as arising under the Fourth Amendment and as incorporated to the States through the Fourteenth Amendment, specifically, as articulated more fully in Counts I & II, which are incorporated herein by reference.

70. Specifically, Defendant John & Jane Doe Officers (1-10), as officers, agents, employees, and/or workmen of the BCSO, violated Plaintiff's Decedent's Fourth Amendment right to be free from the use of excessive force.

71. In so using such excessive force, Defendants BCSO and John & Jane Doe Officers (1-10) breached the duty they owed Plaintiff's Decedent to refrain from so infringing upon his constitutional rights.

72. As a direct and proximate result of said breach the duty said Defendant's owed to Plaintiff's Decedent, Defendants BCSO and John & Jane Doe Officers (1-10) caused Plaintiff's Decedent to sustain fatal injuries, and ultimately, to perish.

73. The actions alleged herein directly and proximately resulted in bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the incurring of funeral expenses, and lost earnings. These losses are permanent in nature.

74. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Felecia Johnson, as the Personal Representative for the Estate of Zyshonne Johnson, sustained damages, including without limitation, the past and future mental pain and suffering of Zyshonne Johnson's survivor Felecia Johnson; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that Zyshonne Johnson's surviving parent, Felecia Johnson, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of

Zyshonne Johnson; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

## COUNT IV
### NEGLIGENT HIRING, TRAINING, SUPERVISION, & RETENTION
### As to Defendants Broward County Sheriff's Office, Sheriff Tony, and John & Jane Doe Officers (1-10)

75. Plaintiff, FELECIA JOHNSON, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

76. Under the Fourteenth Amendment to the United States Constitution, Plaintiff's Decedent had the right as a citizen to personal security, bodily integrity, and equal protection under the law regarding his procedural due process rights.

77. As articulated more fully previously herein, Defendants Broward County Sheriff's Office and John & Jane Doe Officers (1-10) repeatedly violated these rights of the Plaintiff's Decedent on the day of the subject incident.

78. Defendants BCSO, Sheriff Tony, and John & Jane Doe Officer (1-10) (to the extent that these unknown individuals had supervisory roles within the Broward County Sheriff's Office), as the entity and individuals, respectively, responsible for hiring, training, supervising, and retaining individual officers within the BCSO, namely, those John & Jane Doe Officers responsible for violating Plaintiff's Decedent's constitutional rights, Defendants BCSO, Sheriff Tony, and John & Jane Doe Officer (1-10) had a duty:

   a. to refrain from hiring officers which said Defendants knew, had reason to know, or could readily discern possessed a particular unfitness for the job as an officer within the BCSO, as it relates to their propensity to violate a suspect's constitutional rights;

    b.  to adequately and properly train hired officers within the BCSO such that they would not violate a suspect's constitutional rights;

    c.  to adequately and properly supervise hired officers within the BCSO so as to monitor compliance with such training and implement corrective measures when appropriate; and finally,

    d.  to promptly terminate hired officers within the BCSO upon the detection of a particular unfitness in such officer as it relates to their propensity to violate a suspect's constitutional rights.

79. It was therefore incumbent on Defendants BCSO, Sheriff Tony, and John & Jane Doe Officer (1-10) (to the extent that these unknown individuals had supervisory roles within the Broward County Sheriff's Office), given the authority and supervisory powers inherent with their positions of superior command, to ensure that the officers under their command were appropriately hired, adequately trained, adequately supervised, and properly retained or appropriately terminated when necessary, so as to safeguard the constitutional rights of the citizens within their jurisdiction with whom they may come into contact.

80. Despite these duties, however, it is clear, that Defendants BCSO, Sheriff Tony, and John & Jane Doe Officer (1-10) (to the extent that these unknown individuals had supervisory roles within the Broward County Sheriff's Office) breached said duties, in that they hired officers who were unfit for the job, failed to adequately or properly train hired officers, failed to adequately or properly supervise hired officers, and failed to promptly terminate hired officers whose unfitness warranted their termination.

81. As a direct and proximate result of these negligent hiring, training, supervision, and retention practices of Defendants BCSO, Sheriff Tony, and John & Jane Doe Officer (1-10)

(to the extent that these unknown individuals had supervisory roles within the Broward County Sheriff's Office), Plaintiff's Decedent was caused to sustain fatal injuries, and ultimately, to perish.

82. The actions alleged herein directly and proximately resulted in bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the incurring of funeral expenses, and lost earnings. These losses are permanent in nature.

83. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Felecia Johnson, as the Personal Representative for the Estate of Zyshonne Johnson, sustained damages, including without limitation, the past and future mental pain and suffering of Zyshonne Johnson's survivor Felecia Johnson; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that Zyshonne Johnson's surviving parent, Felecia Johnson, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of Zyshonne Johnson; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

**COUNT V**
**WRONGFUL DEATH**
**As to All Defendants**

84. Plaintiff, FELECIA JOHNSON, realleges and incorporates by references all paragraphs contained in the Complaint thus far above, as if fully stated herein.

85. Plaintiff's Decedent, her son, Zyshonne Johnson ("Zyshonne"), was fatally shot by Defendant John & Jane Doe Officer (1-10), police officers within Defendant BCSO, on or about March 24, 2022.

86. Zyshonne's death was caused by said Defendant Officers shooting him over ten (10) times, which was both unconstitutional and negligent, as articulated more fully previously herein.

87. But-for these constitutional violations and acts of negligence committed by the Defendants named in this matter, Zyshonne's untimely death would not have occurred.

88. As a direct and proximate result of Zyshonne's untimely passing at only twenty-three (23) years-old, Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress damages, resulting from the loss of her son, and for which she has required extensive medical, emotional, and/or psychological treatment, including pharmacological intervention and treatment; as well as having suffered special damages, including, but not limited to loss of support, companionship, and/or consortium, loss of earnings/earning capacity of the decedent, and other financial losses, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FELECIA JOHNSON demands judgment against Defendants BROWARD COUNTY, FLORIDA, BROWARD COUNTY SHERIFF'S OFFICE, GREGORY TONY, in his official capacity as Sheriff of Broward County, Florida, and individually; JOHN & JANE DOE OFFICERS (1-10), jointly, severally, and alternatively,

A) for general, compensatory, and punitive damages, with interest; reasonable attorney's fees and costs of suit, and for such other further relief as the Court may deem equitable and just; and

B) reasonable attorney's fees pursuant to 42 U.S.C. § 1988 in vindication of Plaintiff's Decedent's civil rights.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated: March 25, 2024,   LENTO LAW GROUP, P.C.

_____
Carl D. Berry, (Florida Bar No. 0081132)
Attorney E-mail address:
cdberry@lentolawgroup.com
**Lento Law Group P.C.**
**300 Southeast 2nd Street, Suite 600**
**Fort Lauderdale, FL 33301**
**(T): (856) 652-2000**
**(F): (856) 375-1010**
Attorneys for FELECIA VARGAS